UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Wayne Arthur Scott Brown, | Case No. 21-12538 |
| Petitioner, | |
| | Honorable Judith E. Levy |
| v. | United States District Judge |
| Gary Miniard, | Magistrate Judge David R. Grand |
| Respondent. | |
| _____/ | |

**OPINION AND ORDER GRANTING PETITIONER'S
MOTION TO STAY PROCEEDINGS AND
<u>HOLD PETITION IN ABEYANCE [9]</u>**

Petitioner Wayne Arthur Scott Brown, confined at the Saginaw Correctional Facility in Freeland, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the Court is Petitioner's motion to stay the proceedings and hold the petition in abeyance. (ECF No. 9.) Because Petitioner is pro se, the Court interprets the motion liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As such, the Court also considers Petitioner's filing as a motion to amend his habeas petition. For the reasons set forth below, the Court GRANTS Petitioner's motion.

## I. Background

In August 2018, Petitioner was convicted in the Newaygo County Circuit Court of first-degree felony murder and first-degree child abuse. (ECF No. 1, PageID.1.) Petitioner was sentenced to "concurrent terms of 23 to 40 years' imprisonment for his first-degree child abuse conviction and imprisonment for life without parole for his felony-murder conviction." *People v. Brown*, No. 346659, 2020 WL 3397385, at *1 (Mich. Ct. App. June 18, 2020), *lv. den.*, 507 Mich. 869 (2021), *reconsideration denied*, 507 Mich. 903 (2021). Petitioner's convictions were affirmed on appeal. *Id.* Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court. (ECF No. 1, PageID.3.)

On October 20, 2021, Petitioner filed a petition for a writ of habeas corpus with this Court, seeking habeas relief on the claims that he raised on his appeal of right.[1] (ECF No. 1.) Respondent filed an answer and Rule 5 materials on May 3, 2022. (ECF Nos. 7, 8.) On May 11, 2022, Petitioner

---

[1] Under the prison mailbox rule, a pro se prisoner's pleading is deemed filed when it is handed over to prison officials for mailing to the court. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999). Courts assume, "absent contrary evidence," that an incarcerated person delivered a legal filing to prison authorities "on the date he or she signed [it]." *Brand*, 526 F.3d at 925. Because Petitioner is incarcerated, the Court deems his habeas petition filed as of October 20, 2021, the date that it was signed and dated.

filed the present motion seeking to stay the proceedings so that he can exhaust five additional claims in state court. (ECF No. 9.)

## II. Analysis

### A. Motion to Amend the Petition

The Court initially construes Petitioner's motion as a motion to amend his habeas petition to add these new claims to his original petition. *See Murphy v. Elo,* 250 F. App'x 703, 704 (6th Cir. 2007); *Gates v. Parish*, No. 1:19-CV-265, 2019 WL 2183069, at *2 (W.D. Mich. May 21, 2019). "Generally, amended pleadings supersede original pleadings." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016) (quoting *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 617 (6th Cir. 2014)). While "[t]his rule applies to habeas petitions," the Sixth Circuit has "recognized exceptions to this rule where a party evinces an intent for the amended pleading to supplement rather than supersede the original pleading, and where a party is forced to amend a pleading by court order." *Id.* (citations omitted). "An amended pleading supersedes a former pleading if the amended pleading 'is complete in itself and does not refer to or adopt a former pleading[.]'" *Id.* (alteration in original) (quoting *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014)).

3

Here, Petitioner's original petition raised two claims: (1) the trial court denied him due process by admitting evidence of prior acts of domestic violence and (2) there was insufficient evidence to support felony murder predicated on first degree child abuse. (*See* ECF No. 1, PageID.2.) In his motion, Petitioner seeks to pursue five additional claims in a motion for relief from judgment in state court:

> I. DEFENDANT IS ENTITLED TO RELIEF FROM JUDGMENT WHERE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL CONTRARY TO THE SIXTH AMENDMENT, WHERE TRIAL COUNSEL FAILED TO INTERVIEW THE EYEWITNESSES WHOSE STATEMENT CONTAINED EXCULPATORY INFORMATION REGARDING THE INJURIES OF VICTIM. U.S. CONST. AMS. VI, XIV.
>
> II. DEFENDANT IS ENTITLED TO RELIEF FROM JUDGMENT WHERE APPELLATE COUNSEL WAS INEFFECTIVE FOR ABANDONING HIS CONSTITUTIONAL ISSUE OF INSUFFICIENCY OF EVIDENCE ON DIRECT APPEAL AS CITED BY THE MICHIGAN COURT OF APPEALS. U.S. CONST. AMS VI, XIV[.]
>
> III. DEFENDANT IS ENTITLED TO RELIEF FROM JUDGMENT, WHERE ANY PROCEDURAL DEFAULT IS OVERCOMES BY CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, FOR FAILURE TO RAISE A CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL. U.S. CONST. AMS VI, XIV.
>
> IV. DEFENDANT IS ENTITLED TO A NEW TRIAL SINCE HE HAS PRESENTED NEWLY DISCOVERED AND

> NEWLY PRESENTED EVIDENCE, WHICH SUPPORT THAT DEFENDANT IS ACTUAL INNOCENCE UNDER SCHLUP V. DELO, 513 U.S. 298 (1995). U.S. CONST. AMS VI, VIII, XIV.
>
> V. DEFENDANT IS ENTITLED TO RELIEF FROM JUDGMENT, WHERE THE CUMULATIVE EFFECT OF DEFICIENT PERFORMANCE OF BOTH TRIAL AND APPELLATE COUNSEL SHOULD BE ASSESSED FOR PREJUDICE UNDER THE STRICKLAND STANDARD. U.S. CONST. AMS VI, XIV[.]

(ECF No. 9, PageID.1993 (errors in original).) These additional claims, along with the rest of Petitioner's motion, evidence a clear intent to supplement the claims in his original petition. *See Garrett v. Mays*, 777 F. App'x 816, 817–18 (6th Cir. 2019). As such, the Court grants Petitioner's motion to the extent it seeks to amend the original petition. The Court will therefore consider the five additional issues Petitioner intends to raise in his state-court post-conviction motion as part of the original habeas petition.

### B. Motion to Stay the Proceedings and Hold the Petition in Abeyance

The Court next considers Petitioner's motion to stay the proceedings and hold the petition in abeyance. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner who seeks federal habeas relief must first exhaust his available state-court

5

remedies before raising a claim in federal court. 28 U.S.C. § 2254(b)–(c); *Picard v. Connor*, 404 U.S. 270, 275–78 (1971). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court may reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009) (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). For proper exhaustion, "each claim must have been 'fairly presented' to the state courts[,]" which "includes a requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Id.* at 414 (citing *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim." *Id.* at 414–15 (internal citations omitted). A habeas petitioner has the burden of proving that he has exhausted his state-court remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

A habeas petition that contains both exhausted and unexhausted claims is considered a "mixed petition" and is generally subject to

dismissal on exhaustion grounds. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, a district court may stay a mixed habeas petition and hold further proceedings in abeyance, pending resolution of state-court post-conviction proceedings. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is appropriate if (i) outright dismissal of a habeas petition would potentially jeopardize the timeliness of a future petition, (ii) there is good cause for the petitioner's failure to exhaust those claims, (iii) the unexhausted claims are not "plainly meritless," and (iv) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 275, 277–78.

Here, Petitioner admits that his five new claims have yet to be exhausted in state court.[2] (ECF No. 9, PageID.1992–1994.) However, he requests that the Court stay these proceedings and hold his petition in

---

[2] In order to exhaust state-court remedies under Michigan law, a petitioner must first file a post-conviction motion for relief from judgment under Michigan Court Rule 6.501–09. *See Wagner,* 581 F.3d at 419 ("Petitioner is entitled to return to the county circuit court and file a post-conviction, post-direct-appeal motion for relief from his judgment of conviction."). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. *See* Mich. Ct. R. 6.509, 7.203, 7.205, 7.305. Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would raise in his post-conviction motion. *See Wagner*, 581 F.3d at 414.

7

abeyance while he exhausts these additional claims. (*See id.*) The Court finds that a stay is warranted.

First, dismissal of this case may result in Petitioner's subsequent petition being denied as untimely. Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year statute of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his convictions on direct review to the Michigan Court of Appeals and then to the Michigan Supreme Court. (ECF No. 1, PageID.2–3.) His direct appeal concluded on March 31, 2021, the date that the Michigan Supreme Court refused to reconsider its decision denying him leave to appeal. (*Id.*) *See McClendon v. Sherman,* 329 F.3d 490, 493 (6th Cir. 2003). Petitioner did not file a petition for a writ of certiorari. (ECF No. 1, PageID.3.) His convictions therefore became final for the purposes of AEDPA's one-year statute of limitations on June 29, 2021, the date the 90-day period to file a petition for a writ of certiorari with the United States Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, absent equitable tolling, the one-year statute of limitations for Petitioner to file a subsequent petition expired on June 29,

2022. *See Hargrove v. Brigano*, 300 F.3d 717, 719 n.3 (6th Cir. 2002) ("[T]he time a federal habeas petition is pending in federal court will not extend the time to file a subsequent petition if the original petition is dismissed without prejudice.").

Petitioner also has good cause for failure to exhaust his claims. The good-cause requirement "is not intended to impose the sort of strict and inflexible requirement that would trap the unwary pro se prisoner." *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (internal quotations and citations omitted). "This Court has consistently held that appellate counsel's failure to raise a claim on direct appeal constitutes good cause for holding the petition in abeyance pending exhaustion." *See Jackson v. Lesatz*, No. 17-CV-10906, 2019 WL 5578036, at *4 (E.D. Mich. Oct. 29, 2019) (citation omitted). Because Petitioner asserts that he failed to raise these unexhausted claims previously due to ineffective assistance of both trial and appellate counsel (ECF No. 9, PageID.1993–1994), he has demonstrated good cause for a stay.

Finally, the Court cannot conclude on the present record that these claims are plainly meritless or that Petitioner has engaged in abusive litigation tactics. Petitioner filed this motion within eight days of

9

Respondent filing the Rule 5 materials and notes that he also recently received additional materials that form the basis of his unexhausted claims. (*See id.* at PageID.1992.) Accordingly, the Court finds that a stay is warranted in this case.

However, the Court must also impose limitations on the stay. When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay pursuing his state-court remedies, this stay is conditioned on Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty (60) days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty (60) days of completing the exhaustion of his state-court post-conviction remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Petitioner's motion to stay the proceedings and hold the petition in abeyance. (ECF No. 9.) The Court will treat the five additional issues Petitioner intends to raise in his state-court post-conviction motion as part of the original habeas petition.

The case is **STAYED** pending exhaustion of state-court remedies.

Petitioner may file a motion for relief from judgment with the relevant state court within **sixty (60) days** of this Court's Order. If he elects to do so, Petitioner must notify the Court within **fourteen (14) days** from the time he files a motion for relief from judgment. The case will then be held in abeyance pending Petitioner's exhaustion of the claim or claims.

If he is unsuccessful in state court, Petitioner may file a motion to re-open this case, using the same caption and case number, within **sixty (60) days** of the conclusion of the state-court post-conviction proceedings. Upon receipt of Petitioner's motion, the Court will lift the stay.

Failure to comply with any of the conditions of this stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

IT IS SO ORDERED.

Dated: November 9, 2022    s/Judith E. Levy
Ann Arbor, Michigan    JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 9, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager